

| | THE CITY OF NEW YORK | **JOHN H. GRAZIADEI** |
|---|---|---|
| **MICHAEL A. CARDOZO** | **LAW DEPARTMENT** | *Senior Counsel* |
| *Corporation Counsel* | 100 CHURCH STREET | Telephone: (212) 442-3551 |
| | NEW YORK, NY 10007 | Facsimile: (212) 788-9776 |
| | | E-Mail: jgraziad@law.nyc.gov |

September 18, 2007

**<u>*VIA* ECF AND FACSIMILE</u>**
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *K.G. v. City of New York, et al.*, 05 CV 5111 (CPS) (JMA)

Your Honor,

  City defendants in the above-referenced litigation write in opposition to plaintiff's motion to adjourn the conference scheduled for September 20, 2007. Plaintiff's ground for requesting an adjournment of the conference as stated in her letter to the Court today is to postpone raising discovery disputes of which she is currently aware until after all scheduled depositions are completed. However, there are numerous matters that defendants must raise with the Court in advance of the remaining depositions. First, defendants seek a protective order pursuant to Federal Rule 26(c) defining the scope of discovery for the remaining depositions so as to comply with the Court's April 9, 2007 Order concerning unrelated incidents.[1] Second, defendants seek an Order cautioning plaintiff's counsel that inappropriate contact with represented parties is a violation of Disciplinary Rule 7-104 [1200.35]. Should the Court require a conference on these matters, defendants are available for the conference as scheduled on September 20, 2007 either in person or by telephone.

  To date, defendants have deposed plaintiff and plaintiff's counsel has deposed defendants Robert Raskin, Frank DiFranco, Elyse Epstein, and Debra Garofalo. The remaining depositions are scheduled for Vincent Montalbano and Detective Albino, the police officer who responded to the incident. Plaintiff has also sought to depose "the person in charge of reviewing and/or evaluating reports of student-on-student violence in the public schools." In each of plaintiff's depositions of defendants to date, plaintiff's counsel has repeatedly attempted to violate the Court's orders concerning discovery. Pursuant to Your Honor's April 9, 2007 Court Order, plaintiff is permitted discovery of unrelated incidents "to the following extent only: Defendants are to disclose any incidents of student on student violence <u>in classrooms</u> at JHS 278 for a five-

---

[1] A copy of the Court's April 9, 2007 Order is attached for the Court's convenience.

year period prior to Nov. 9 2004" (emphasis in original). Nevertheless, plaintiff's counsel has repeatedly attempted to force witnesses to answer questions calculated to elicit information beyond the scope of the Court's Order. Although plaintiff's counsel is aware of this dispute, she has never sought resolution of the issue. Plaintiff stated in her letter to the Court today that she seeks to complete all discovery, including depositions, prior to seeking a ruling from the Court. Given that this issue will impact the scope of discovery in the remaining depositions, defendants respectfully request a protective order pursuant to Federal Rule of Civil Procedure 26(c) defining the scope of discovery for the remaining depositions so as to comply with the Court's April 9, 2007 Order concerning unrelated incidents.

Second, it has come to defendants' attention that Ms. Bryer has initiated impermissible direct communications with individuals who are represented by this office on multiple occasions in violation of Disciplinary Rule 7-104 [1200.35]. First, I am informed that Ms. Bryer contacted Ms. Denise Crooms, plaintiff's Guidance Counselor at JHS 278 and, over the course of numerous voicemail messages and at least two telephone conversations, subjected her to an interrogation about her records concerning plaintiff and record keeping procedures and further demanded that she forward her directly documents in her possession. That impermissible series of communications occurred after plaintiff had submitted plaintiff's medical release forms to school officials and had already been provided with plaintiff's files. Ms. Crooms is an employee of the New York City Department of Education and is therefore represented by this office. Defendants are troubled not only by the fact that Ms. Bryer communicated with Ms. Crooms, a represented party, about the subject of this litigation without informing this office but also because Ms. Crooms described the communications as intimidating, threatening, and hostile.

In addition, immediately after the September 12, 2007 deposition of plaintiff's seventh grade Guidance Counselor, Ms. Epstein, Ms. Bryer engaged in a prohibited conversation with Ms. Epstein about plaintiff while I was not in the room. Specifically, Ms. Bryer inquired about plaintiff's condition, which is precisely the subject about which Ms. Epstein gave testimony. That conversation ended only after I became aware of it and informed Ms. Bryer that the conversation was inappropriate and must be terminated immediately. Such conduct deprives the clients of the benefit of representation in the above-referenced litigation. Accordingly, defendants respectfully request an Order cautioning Ms. Bryer to comply with Disciplinary Rule 7-104 [1200.35] by refraining from communicating with any represented parties on the subject of the representation without this office's prior consent.

Thank you for your consideration of this request.

Respectfully submitted,

John H. Graziadei (JG 1333)

cc:   Madeline Bryer, Esq.
      Richard Signorelli, Esq.

Case 1:05-cv-05111-ENV-JMA  Document 62  Filed 09/18/07  Page 3 of 7 PageID #: 226
Case 1:05-cv-05111-CPS-JMA  Document 39  Filed 04/10/2007  Page 1 of 5
Case 1:05-cv-05111-CPS-JMA  Document 34  Filed 03/27/2007  Page 1 of 5





MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOHN H. GRAZIADEI
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776
E-Mail: jgraziad@law.nyc.gov

March 27, 2007

**BY ECF AND HAND DELIVERY**
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *K.G. v. City of New York, et al.*, 05 CV 5111 (CPS) (JMA)

Your Honor,

For the reasons stated herein, City defendants write in opposition to plaintiff's March 1, 2007 letter requesting all documents concerning incidents of student-on-student violence regardless of location for a minimum of five years prior to November 9, 2004. Such overbroad and unduly burdensome discovery is not relevant or reasonably calculated to lead to the discovery of admissible evidence nor is it necessary for plaintiff to support her Title IX or New York state common law causes of action, both of which require either actual or actual or constructive notice, respectively, to the defendant of specific sexual harassment.

Accordingly, City defendants respectfully request an order (a) denying plaintiff's request, and (b) granting a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure providing that production of "prior incident" discovery be limited to incidents of sexual misconduct involving plaintiff Constance Rodriguez and either Tamaine Wallace or Laurie Touzaline.

**Title IX Requires Actual Knowledge of Sexual Harassment by Specific Individuals**

As the United States Supreme Court held in *Davis v. Monroe County Board of Ed., et al.*, a private Title IX action brought pursuant to N.Y. Ed. Law § 3201-a may lie against a school board of education (funding recipient) in cases of student-on-student harassment only where the board is deliberately indifferent to sexual harassment, of which the board has *actual knowledge*, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of

Case 1:05-cv-05111-ENV-JMA   Document 62   Filed 09/18/07   Page 4 of 7 PageID #: 227
Case 1:05-cv-05111-CPS-JMA   Document 39   Filed 04/10/2007   Page 2 of 5
Case 1:05-cv-05111-CPS-JMA   Document 34   Filed 03/27/2007   Page 2 of 5

access to the educational opportunities or benefits provided by the school. 526 U.S. 629, 650, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999). To establish deliberate indifference, plaintiff must therefore demonstrate that the Board of Education (the "Board") failed to respond to known peer harassment by a *specific* individual in a manner that was clearly unreasonable after having actual knowledge of the *specific* harassment. *Id.* At 649. In *Davis*, the Supreme Court found that plaintiff could potentially establish that the defendant-board's response was clearly unreasonable if plaintiff could demonstrate that the board "subjected" plaintiff to discrimination by failing to respond in any way over a period of many months to actual complaints by plaintiff and other female friends of a particular student's consistent and repetitive in-school misconduct towards her. *Id.* at 649. As such, prior instances of misconduct in the same school concerning different individuals were irrelevant.

In *Hayut v. State University of New York*, the Second Circuit held that, to prevail on a claim brought pursuant to Title IX, a plaintiff must demonstrate that someone "vested with authority to address the alleged discrimination and to institute corrective measures" on behalf of the board had *actual* knowledge, as opposed to constructive knowledge, of the discrimination. 352 F.3d 733, 750 (2d Cir. 2003); *see also Soriano v. Board of Education of the City of New York*, 01 CV 4961, 2004 U.S. Dist. LEXIS 21529 (Oct. 27, 2004 E.D.N.Y.). Indeed, in dismissing plaintiff's claim pursuant to defendant's motion for summary judgment, the Eastern District recently held that evidence of other incidents of student-on-student violence were insufficient to demonstrate actual knowledge:

> Plaintiffs claim...that defendants were on notice because of the alleged perception that the school as a whole was undisciplined, and plaintiffs have submitted newspaper articles and television news reports to buttress their claim. Even if school administrators perceived the student body as a whole to be undisciplined, however, such perception is insufficient to place those administrators on actual notice of sexual harassment of a particular student by another student.

*Soriano*, 2004 U.S. Dist. LEXIS 21529, *13. Accordingly, evidence of any other – or even *many* other – incidents not involving the victim and the perpetrator of the harassment at issue were insufficient to establish the actual knowledge necessary to sustain a Title IX cause of action.

In fact, the *Soriano* plaintiff alleged that she herself was the victim of sexual harassment *twice* within a six-month period – by different assailants – and also that one of her two assailants had a "known reputation for inappropriate sexual conduct." *Id.* Nevertheless, for purposes of establishing the deliberate indifference necessary to sustain a claim brought pursuant to Title IX, plaintiff had not demonstrated what was required: that the defendants had actual knowledge of harassment of a specific student by a specific student and were subsequently deliberately indifferent to it.

In light of the very strict standard established by the United States Supreme Court, plaintiff's request for documents reflecting prior unrelated instances of misconduct not involving the same parties involved in the November 9, 2004 incident alleged in the Complaint must be denied on the ground that such discovery is vague, ambiguous, overbroad, not relevant or

- 2 -

Case 1:05-cv-05111-ENV-JMA   Document 62   Filed 09/18/07   Page 5 of 7 PageID #: 228
Case 1:05-cv-05111-CPS-JMA   Document 39   Filed 04/10/2007   Page 3 of 5
Case 1:05-cv-05111-CPS-JMA   Document 34   Filed 03/27/2007   Page 3 of 5

reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery.

### New York Law Requires Actual or Constructive Notice of a Specific Threat

Moreover, although plaintiff has also alleged New York state law negligence claims, plaintiff's request for documents pertaining to incidents not involving plaintiff and either of the two specific students involved in the November 9, 2007 incident must also be denied because, under New York state law, the existence of prior unrelated incidents is legally insufficient to put a school on notice of a specific threat of danger requiring supervision. *See Smith v. Half Hollow Hills Central School Dist.*, 349 F. Supp. 2d 521 (E.D.N.Y. 2004); *see also Morman v. Ossining Union Free Sch. Dist.*, 297 A.D. 2d 788 (2d Dep't 2002) (notice not established despite fact that assaulter had "extensive disciplinary record"); *Taylor v. Dunkirk City Sch. Dist.*, 12 A.D. 3d 1114 (4th Dep't November 19, 2004); *Velez v. Freeport Union Free Sch. Dist.*, 740 N.Y.S.2d 364 (2d Dep't 2002) (notice not established even where assaulter was previously disciplined for fighting); *Nossoughi v. Ramapo Cent. Sch. Dist.*, 287 A.D.2d 444 (2d Dep't 2001); *Nocilla v. Middle Country Central Sch. Dist.*, 302 A.D.2d 573 (2d Dep't 2003).

Finally, none of the cases cited by plaintiff's counsel in her March 1, 2007 letter application support her request for an order compelling production of other instances of student-on-student violence. First, plaintiff's reliance on *Jamison v. New York City Board of Ed.*, 279 A.D.2d 289 (1st Dep't 2001) is both misleading and misplaced. At the outset, plaintiff's reliance on the *Jamison* plaintiff's *brief* to establish the facts of that case as well as the conclusions pertaining to when and how a school is placed on legally sufficient notice is glaring. Furthermore, plaintiff misrepresents the decision itself: in fact, the Court held that *"only* those documents sought in the *notice of motion* ... are to be made available." *But the Court does not identify those documents.* Indeed, plaintiff in this case fails to identify those documents as well. Instead, plaintiff attaches a partial list of items included in plaintiff's *brief* – not the notice of motion to which the Court specifically and carefully limited its order.

Furthermore, assuming only for the sake of argument that the multitude of documents listed on page 17 of Jamison's brief (which is clearly just a small portion of an even longer list of discovery requests asserted in that brief) is the same as that identified in Jamison's notice of motion, the documents requested are nevertheless not those plaintiff in this case seeks in her March 1, 2007 letter application. Rather, Jamison sought "School Safety Office records for [one school year only] showing the *number of times* students were involved in [various misconduct including crimes, cutting class, wandering halls, smoking cigarettes, etc.]." In contrast, plaintiff's application in this case is for five years of "documents detailing [unrelated] student-on-student violence" – not documents reflecting the "number of times" a particular crime or infraction was committed. In fact, plaintiff *already has* documents reflecting the number of times crimes were committed since they are publicly available and annexed to plaintiff's letter. *See* "Annual School Reports." Plaintiff's reliance on *Jamison* is therefore misplaced.

Plaintiff further relies on *Culbert v. City of New York, et al.*, 254 A.D. 2d 385 (2d Dep't 1998) to support her position. Such reliance is similarly and equally misplaced. In *Culbert*, the Court held specifically that

- 3 -

Case 1:05-cv-05111-ENV-JMA   Document 62   Filed 09/18/07   Page 6 of 7 PageID #: 229
Case 1:05-cv-05111-CPS-JMA   Document 39   Filed 04/10/2007   Page 4 of 5
Case 1:05-cv-05111-CPS-JMA   Document 34   Filed 03/27/2007   Page 4 of 5

> [w]ith respect to the material demanded in item number 7, reports of prior incidents involving violent behavior may be material and necessary to determine whether school officials had actual or constructive notice of similar conduct. However, to the extent that the language of item number 7 may be interpreted to include reports of any and all incidents, it is overbroad.

*Id.* at 388. Plaintiff's reliance on *Culbert* is ineffective for a plethora of reasons: first, as in *Jamison*, there is no recitation in the Court's opinion of what plaintiff actually requested in "item number 7." Second, as City defendants argued above, New York state law is clear that the existence of prior unrelated incidents is insufficient to put a school on notice of a specific threat of danger requiring supervision and the *Culbert* Court agreed by consistently denying production of documents and information that did not involve the plaintiff specifically. *See also Smith v. Half Hollow Hills Central School Dist.*, 349 F. Supp. 2d 521 (E.D.N.Y. 2004). Third, the *Culbert* Court decision supports *defendants'* argument that production of "any and all incidents" is overbroad.

Finally, plaintiff cites *Nocilla v. Middle Country Central Sch. Dist.*, 302 A.D.2d 573 (2d Dep't 2003) and *Nossoughi v. Ramapo Central Sch. Dist.*, 287 A.D.2d 444 (2d Dep't 2001) despite the fact that neither of those opinions addresses discovery matters.[1] Both Courts, however, observe that "[t]o find that a school district has breached its duty to provide adequate supervision, a plaintiff must show that the district had sufficiently *specific knowledge* or *notice* of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained." *Nocilla*, 302 A.D.2d at 573; *Nossoughi*, 287 A.D.2d at 444; *see also Bretstein v. East Midwood Jewish Center, Inc.*, 265 A.D.2d 442 (2d Dep't 1999). It bears noting that the Court granted summary judgment to the defendant boards in all three cases.

In conclusion, whether attempting to establish deliberate indifference under federal law or negligence under New York state common law, plaintiff must demonstrate that defendants had either actual or actual or constructive notice, respectively. The case law is clear in this context that prior unrelated incidents cannot serve to put a school board on legally sufficient notice of a specific threat of danger requiring supervision and any request for documents reflecting such unrelated incidents is therefore overbroad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. *See Soriano v. Board of Education of the City of New York*, 01 CV 4961, 2004 U.S. Dist. LEXIS 21529 (October 27, 2004 E.D.N.Y.); *Smith v. Half Hollow Hills Central School Dist.*, 349 F. Supp. 2d 521 (E.D.N.Y. 2004); *Morman v. Ossining Union Free Sch. Dist.*, 297 A.D. 2d 788 (2d Dep't 2002); *Taylor v. Dunkirk City Sch. Dist.*, 12 A.D. 3d 1114 (4th Dep't November 19, 2004); *Velez v. Freeport Union Free Sch. Dist.*, 740 N.Y.S.2d 364 (2d Dep't 2002). City defendants therefore respectfully request an order (a) denying plaintiff's request, and (b) granting a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure providing that production of "prior incident" discovery be limited to incidents of sexual misconduct involving plaintiff Constance Rodriguez and either Taimaine Wallace or Laurie Touzaline.

---

[1] Plaintiff also cites *Jacqueline S. v. City of New York*, 81 N.Y.2d 288 (1993) although that case is not a case involving school board liability for student-on-student violence and was cited by the *Nocilla* and *Nossoughi* Courts for the issue of foreseeability but not discovery and is therefore inapposite.

Case 1:05-cv-05111-ENV-JMA   Document 62   Filed 09/18/07   Page 7 of 7 PageID #: 230
Case 1:05-cv-05111-CPS-JMA   Document 39   Filed 04/10/2007   Page 5 of 5
Case 1:05-cv-05111-CPS-JMA   Document 34   Filed 03/27/2007   Page 5 of 5

Thank you for your consideration of the matters herein.

Respectfully submitted,

*[signature]*

John H. Graziadei (JG 1333)
Senior Counsel

cc: Madeline Bryer, Esq. (via facsimile)
Richard Signorelli (via facsimile)

---

*Handwritten order:*

Plaintiff's application is granted to the following extent only: Defendants are to disclose any incidents of student on student violence <u>in classrooms</u> at JHS 278 for a 5 yr period prior to Nov 9 2004. The names of the victims are to be redacted. Such disclosure will be due to plaintiffs by 5/3/07.

So Ordered

USMJ
4/9/07

- 5 -