UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

T.Z., as Guardian of C.G., an Infant
Under the Age of Fourteen (14) Years,

                        Plaintiff,                    MEMORANDUM OPINION
                                                      AND ORDER (CPS)(JMA)

        -against-                                     CV-05-5111

The City of New York, The New York City
Department of Education, Frank DiFranco
and Robert Raskin,

                        Defendants.

--------------------------------------X

SIFTON, Senior Judge.

        Plaintiff C.G., an infant under the age of fourteen years at

the time of the events giving rise to this lawsuit, through her

guardian T.Z.,[1] commenced this action on November 1, 2005 against

defendants City of New York ("City"), the New York City

Department of Education ("Education Department"), Frank DiFranco

_____

        [1] T.Z. and C.G. are proceeding under fictitious names in keeping with
Section 50-b(1) of the New York Civil Rights Law because infant plaintiff C.G.
is allegedly a victim of sexual abuse.  Under that provision,

        The identity of any victim of a sex offense, as defined in article one
        hundred thirty or section 255.25, 255.26 or 255.27 of the penal law, or
        of an offense involving the alleged transmission of the human
        immunodeficiency virus, shall be confidential. No report, paper,
        picture, photograph, court file or other documents, in the custody or
        possession of any public officer or employee, which identifies such a
        victim shall be made available for public inspection. No such public
        officer or employee shall disclose any portion of any police report,
        court file, or other document, which tends to identify such a victim
        except as provided in subdivision two of this section.

McKinney's Civil Rights Law § 50-b(1).

        Infant plaintiff C.G. originally brought this action through her mother
and natural guardian, K.G.  After K.G.'s death in early 2007, T.Z. became
C.G's legal guardian and was substituted as C.G.'s guardian in this action.

("DiFranco"), and Robert Raskin ("Raskin"), in connection with an
alleged sexual assault of C.G. by two fellow students in a
classroom while defendant Raskin was present.  Plaintiff alleges
violations under 42 U.S.C. §§ 1981, 1983, and 1985; 20 U.S.C. §
1681; as well as state law claims of negligence and infliction of
emotional distress.[2]  Plaintiff seeks compensatory and punitive
damages, in addition to attorneys' fees.  Now before the Court
are plaintiff's (1) appeal of the Magistrate Judge Azrack's
September 24, 2007 order, which limited the scope of plaintiff's
deposition questions to incidents occurring in classrooms five
years prior to plaintiff's alleged assault and did not compel
defense counsel to refrain from modifying deposition questions by
plaintiff's counsel and/or directing witnesses not to answer
questions concerning non-privileged matters;[3] and (2) plaintiff's
motion for sanctions against defense counsel.[4]  For the reasons

---

[2] Plaintiff states what purports to be a separate claim against all
defendants, on the ground that all defendants are liable under New York law
because "[t]he acts and/or omissions of defendants, their agents, employees
and/or servants resulted in infant plaintiff C.G. losing her passion and love
of life, altering her relationship with her immediate family and friends, and
impairing her ability to participate in the activities that were formerly
central to her life."  Complaint ¶¶ 110-11.

[3] Plaintiff initially appealed three rulings by Magistrate Judge
Azrack.  However, on November 26, 2007 and November 27, 2007 one of the issues
was resolved by the Magistrate Judge and neither party appealed that ruling.
The ruling no longer at issue is whether defense counsel had to produce entire
records of two of the infant plaintiff's assailants or whether defense counsel
could produce a redacted version of those records.  Judge Azrack denied
defendants' application for approval of their redactions.

[4] Plaintiff also seeks relief in the form of production of the complete
Violent and Disruptive Incident Reports ("VADIR") for incidents that occurred
in the school between 2001 and 2004, including witness statements.  Based on
the record before this Court, plaintiff raised the issue of the VADIR reports

set forth below, plaintiff's appeal and motion are denied.

## Background

To the extent discussed in this Court's prior opinion, familiarity with the facts is assumed. *See T.Z. v. City of New York*, No. CV 05-5111, 2007 WL 2077730 (E.D.N.Y. 2007). The recent procedural history offered below draws from the record of the proceedings before the Magistrate Judge and the submissions of the parties in connection with this appeal. Disputes are noted.

*Procedural History*

During the course of discovery, the parties had a dispute as to the scope of the documents that defendants would have to produce concerning prior incidents of student-on-student violence. Judge Azrack addressed this issue on February 21, 2007 by proposing that the defendants produce reports of incidents which occurred for the period commencing five years prior to the date of the incident in question. Judge Azrack also proposed to limit the scope of disclosure to incidents which occurred inside classrooms.

Because all parties objected to this solution, Judge Azrack ordered the parties to brief the issue. Plaintiff then moved for

---

with the Magistrate Judge only after filing this appeal. *See* Plaintiff's Motion for Hearing, filed on January 17, 2008. Because the request for documentation production should have been directed to the Magistrate Judge for initial review, I decline to consider the requested relief at this time.

an order requiring defendants to produce "reports of student-on-student violence regardless of whether it occurred in a classroom." Plaintiff's Affirmation in Support of Objections to Magistrate Judge's Orders ["Pl. Aff."], ¶ 4. The City cross-moved for a protective order for document production pursuant to Fed. R. Civ. Pro. 26(c) "providing that production of 'prior incident' discovery be limited to incidents of sexual misconduct" involving the plaintiff or her two assailants. *Id.*

On April 9, 2007, Judge Azrack ordered that:

> "[p]laintiff's application [requesting documents concerning all incidents of student-on-student violence anywhere on school grounds] is granted to the following extent only: Defendants are to disclose any incidents of student on student violence <u>in classrooms</u> at JHS 278 for a 5 year period prior to November 9, 2004."

Magistrate Judge's Ruling, April 9, 2007. Neither plaintiff nor defendants appealed the order.

Plaintiff deposed six witnesses from September 5, 2007 to September 26, 2007. During each of the depositions plaintiff and defense counsel disagreed about the application of the April 9, 2007 discovery order. Defense counsel objected to plaintiff's questions to the extent that the "magistrate judge's discovery orders have limited in scope discovery matters relating to prior incidents," Pl. Aff. ¶ 13, while plaintiff's counsel maintained that defense counsel could only object on the record and then have the witness answer the question (with a judge to rule on the objection later) or direct the witness not to answer the

question.  *Id.* at ¶¶ 13-15.  Plaintiff further argued that

defense counsel could not change the questions posed to the

witnesses.  *Id*.

On September 18, 2007, plaintiff's counsel requested an

adjournment of the September 20, 2007 compliance conference to a

later date because of the unavailability of the deposition

transcripts.  Defendants opposed this adjournment on the grounds

that they had issues to raise with the court which required

resolution prior to the remaining depositions.  One of these

issues included seeking a protective order pursuant to Fed. R.

Civ. Pro. 26(c) defining the scope of discovery for the remaining

depositions so as to comply with the April 9, 2007 discovery

order.[5]  Defendants' Opposition Letter, September 18, 2007.  On

September 19, Judge Azrack denied defendants' application for an

immediate conference and instructed the parties to contact

chambers if issues arose during the remaining depositions.

Magistrate Judge's Ruling, September 19, 2007.

On September 24, 2007, during the deposition of Detective

Albino, the parties again disagreed about the application of the

April 9, 2007 discovery order.  Plaintiff's counsel called the

Magistrate Judge.  During the conference call, plaintiff raised

---

[5]  Defendants also wanted Judge Azrack to caution plaintiff's counsel
"that inappropriate contact with represented parties" violates disciplinary
rules.  Defendants' Opposition Letter, September 18, 2007.  Plaintiff
disputes defendants' version of the behavior in question.  Plaintiff's
Response Letter, September 19, 2007.  Because this dispute is not part of the
appeal before me, I decline to address it.

three issues: (1) whether the scope of plaintiff's questioning during the depositions was limited by the April 9, 2007 discovery order; (2) whether the Magistrate Judge would instruct defense counsel to refrain from rephrasing questions for the witnesses during depositions; and (3) whether defendant was required to submit unredacted versions of the student files sought by plaintiff. Transcript of September 24, 2007 Conference Call ["Sept. 24 Tr."], Plaintiff's Exhibit L. Judge Azrack determined that plaintiff's counsel would be limited to asking questions about student-on-student violence in the classrooms for the five year period prior to the November 9, 2004 incident. She also instructed defendants' counsel to limit themselves to stating their objections for the record during depositions and to submit the redacted versions of the disputed files for her review. Minute Entry Proceedings, September 24, 2007. Ten days later, plaintiff filed the instant appeal.

## Discussion

Non-dispositive motions decided by a magistrate judge are to be modified or set aside by the district judge assigned to the case only where the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also Federal*

*Ins. Co. v. Kingsbury Properties, Ltd.,* 1992 WL 380980, at *2 (S.D.N.Y. 1992)("Pretrial matters involving discovery are generally considered nondispositive since they do not resolve the substantive claims for relief alleged in the pleadings.").

Under Rule 72(a), "[a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing [court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal.*, 508 U.S. 602, 622 (1993) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000)(quoting *Thompson v. Keane*, No. CV-95-2442, 1996 WL 229887, at *1 (S.D.N.Y. 1996)).

*Scope of Deposition Questions*

Under Federal Rule of Civil Procedure 26:

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . .

Fed. R. Civ. P. 26(b).

Under Federal Rule of Civil Procedure 30 the court may limit

the scope and manner of depositions as provided in Rule 26(c).

Fed. R. Civ. P. 30(d)(3)(B).  Rule 26(c) states:

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c)(1).

Under Title IX, defendants cannot be held liable for student-on-student violence unless they had actual knowledge of, and deliberate indifference to, the violence. *See Hayut v. State University of New York*, 352 F.3d 733, 750 n.11 (2d Cir. 2003). Under New York State law, in order to establish defendants' negligence, plaintiff must prove that the school had actual or constructive notice of prior similar conduct. *Mirand v. City of New York*, 614 N.Y.S.2d 373, 375 (1994).  Although New York State law does not explicitly distinguish a school's duty to supervise based on the location of the student while on school premises, "[s]chools cannot be reasonably expected to continuously supervise and control all movements and activities of students." *Id*.

Plaintiff seeks discovery of student-on-student violence in support of her federal and state claims that the school was on notice of the assault that plaintiff allegedly suffered while in class.  Judge Azrack ruled that plaintiff could not question witnesses about incidents that took place outside of the

classroom because "[w]hat happened outside of the classroom is
not relevant or pertinent to what happened in the classroom."
Sept. 24 Tr. at 13. Judge Azrack had previously distinguished
between incidents that occurred inside the classroom and those
that occurred outside the classroom in her April 9, 2007 order
limiting the scope of document production to those incidents that
occurred within the classroom. Notably, plaintiff chose not to
appeal the April 9, 2007 order.

Recognizing that schools cannot continuously supervise all
movements of their students, I find that Judge Azrack did not err
by distinguishing prior incidents inside classrooms from those
that occurred elsewhere on school property and determining that
questions about prior incidents outside of the classroom are not
likely to lead to the discovery of admissible evidence on the
issue of notice for an incident that occurred inside a classroom,
where a teacher was present. Accordingly, the decision to limit
the scope of depositions to prior incidents of student-on-student
violence in the classroom was not contrary to law and the
Magistrate Judge's order is affirmed.

*Objections During Depositions*

Under Federal Rule of Civil Procedure 30(c):

[a]n objection at the time of the examination . . .must be
noted on the record, but the examination still proceeds; the
testimony is taken subject to any objection. An objection
must be stated concisely in a nonargumentative and
nonsuggestive manner. A person may instruct a deponent not
to answer only when necessary to preserve a privilege, to

enforce a limitation ordered by the court, or to present a
motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).

According to plaintiff, defense counsel refused to limit
themselves to concise objections on the record during
depositions.  Rather, defense counsel modified the questions or
instructed witnesses not to answer.  Plaintiff's counsel claims
that Judge Azrack erred in failing to compel defense counsel to
refrain from modifying her questions and/or directing witnesses
not to answer questions concerning non-privileged matters.  Based
on the record before the Court, it is clear that prior to the
Magistrate Judge's September 24 ruling, defendants' attorneys
were operating under the mistaken belief that the April 9, 2007
document production order also applied to depositions.  During
the September 24, 2007 conference call, which was on the record
with all parties present, Judge Azrack put defense counsel on
notice that they were not to modify deposition questions, but
rather limit their responses by objecting or not objecting.
Sept. 24 Tr. at 12.[6]  Given that defense counsel's behavior prior

---

[6] The transcript states in relevant part:

Ms. Bryer: Judge, I am asking . . . can I please have my questions
either objected to or objection, don't answer and not rephrased for the
witness?

. . .

Ms. Azrack: Mr. Graziadei [defense counsel] object or don't object.
Sept. 24 Tr. at 12.

to the conference call was based on their belief that they were

enforcing the Magistrate Judge's April 9, 2007 order, I find that

Judge Azrack's oral warning was sufficient.

*Sanctions*

Federal Rule of Civil Procedure 30 provides in part:

[t]he court may impose an appropriate sanction--including
the reasonable expenses and attorney's fees incurred by any
party--on a person who impedes, delays, or frustrates the
fair examination of the deponent.

Fed. R. Civ. P. 30(d)(2).

Plaintiff alleges that defense counsel frustrated the

examination of the witnesses by repeatedly modifying plaintiff's

deposition questions or directing witnesses not to answer

questions concerning non-privileged matters.

In the event that counsel objects to the questions being

asked of their witness during a deposition, counsel has the

opportunity to seek clarification or a further ruling from the

Court. *See Sicurelli v. Jeneric/Pentron, Inc.*, No. 03-CV-4934,

2005 WL 3591701, at *8 (E.D.N.Y. 2005). Here, defense counsel

did not seek clarification from Judge Azrack until September 18,

2007, after four witnesses had already been deposed. Defendants

have failed to explain why they waited until after the fourth

deposition to file a protective order, when they raised the need

for court clarification with plaintiff's counsel during the first

two depositions. Transcript of Deposition of Frank DiFranco

["DiFranco Dep."], September 10, 2007, at 81, Defendants' Exhibit

-12-

C; Transcript of Deposition of Elyse Epstein ["Epstein Dep."],

September 12, 2007, at 35-37, Defendants' Exhibit D.

Although defense counsel should have initiated the request

for clarification, plaintiff's counsel is not entirely blameless.

In response to defense counsel's objections and suggestions that

they call the Court, plaintiff's counsel repeatedly threatened

sanctions, to call the Magistrate Judge herself, and to file an

application with the undersigned.  DiFranco Dep. at 80, 205;

Transcript of Deposition of Robert Raskin ["Raskin Dep."],

September 5, 2007, at 52, Plaintiff's Exhibit H; Transcript of

Deposition of Debra Garofalo ["Garofalo Dep."], September 17,

2007, at 28-34, Defendants' Exhibit E; Epstein Dep. at 37.  At

one point during Ms. Epstein's deposition, plaintiff's counsel

walked out of the room while defense counsel was trying to state

his objection.  Epstein Dep. at 35.  In addition, at least seven

pages of the transcript of Ms. Garofalo's deposition are devoted

to arguments between counsel.  Garofalo Dep. at 28-34.  Rather

than resort to threats and combative behavior, plaintiff's

counsel should have agreed to defendants' suggestion that they

contact the Court for clarification so that the depositions could

proceed more efficiently.

"[T]here is a duty imposed upon counsel to deal fairly and

sincerely with the court and opposing counsel so as to conserve

the time and expense of all, and that actions may be litigated in

an orderly manner." *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 57 (S.D.N.Y. 2001)(quoting *Learning Intern., Inc. v. Competence Assur. Systems Inc.*, 90-CV-2032, 1990 WL 204163, at *3 (S.D.N.Y. 1990)). Instead of dealing with the dispute in a professional and efficient manner, counsel for both sides engaged in protracted arguments that disrupted the depositions and did not lead to resolution. Because plaintiff's counsel contributed to the obstruction of the deposition process, sanctions against defense counsel are not appropriate. Accordingly, plaintiff's motion for sanctions is denied.

## Conclusion

For the reasons set forth above, plaintiff's appeal of the Magistrate Judge's September 24, 2007 order and motion for sanctions are denied. The Clerk is directed to transmit a copy of the within to the parties and to Judge Azrack.

SO ORDERED.

Dated:    Brooklyn, NY
          February 25, 2008


          By:      /s/ Charles P. Sifton (electronically signed)
                       United States District Judge